UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GEORGE CARR,

    Plaintiff,

vs.

COUNTY OF WESTCHESTER,

    Defendant.
-----------------------------------------------------------x

'07 CIV 11180

**COMPLAINT**

JUDGE ROBINSON

    Plaintiff, by and through his counsel, MICHAEL H. SUSSMAN, hereby avers as against the defendant as follows:

    1. Plaintiff is a resident of the County of Westchester and is employed in the defendant's Department of Environmental Facilities.

    2. Defendant is a municipal corporation which is situated in this judicial district and may sue and be sued.

    3. Plaintiff has timely filed an EEOC Complaint alleging discrimination on the basis of his race and on September 16, 2007 received a right to sue letter enabling the filing of this lawsuit.

    4. This Honorable Court has jurisdiction to adjudicate this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 1367 and 42 U.S.C. secs. 1983 and 1988.

    5. Plaintiff is an African-American who has long been employed with successful job performance for the defendant.

    6. Plaintiff sought promotion within the relevant time period to the position of Supervisor of Maintenance in Peekskill.

7. Plaintiff was qualified for the promotion sought.

8. Plaintiff ascertained that he was not considered for the position initially as the position was created for a white employee though he was less qualified than plaintiff for the position and though plaintiff was never afforded the opportunity to interview for the position.

9. When the white employee died before he could actually be placed in the position, the defendant did not fill the position and represented, through its agents, that they were doing away with the position.

10. Plaintiff complained to senior managers, including the Commissioner of the department, concerning his treatment and stated that he was being discriminated against on the basis of his race.

11. The Commissioner of plaintiff's department met with plaintiff and told him he would get back to him.

12. To this date, the Commissioner has never gotten back to the plaintiff.

13. Instead, the Associate Director of Fiscal Services contacted plaintiff and advised him to put in his transfer papers from the Peekskill facility.

14. The Associate Director advised plaintiff that another employee would be transferred to the promotional opportunity.

15. Plaintiff did not wish to transfer to Ossining, as he had had prior issues there.

16. Despite this express desire, which plaintiff shared with senior managers, the department transferred him to Ossining where plaintiff had previously encountered racial hostility and bias.

17. Plaintiff's prior problems at Ossining were known to the officials who transferred

him to that facility.

18. The Superintendent then at Ossining had previously told the Commissioner he did not want plaintiff at that facility.

19. Plaintiff had previously given testimony against the Superintendent of the Ossining facility.

20. Without interviewing plaintiff for the position, defendant eventually promoted a white person to the maintenance supervisor's position which plaintiff had sought.

21. The white person promoted had substantially less seniority than plaintiff and had never worked in Peekskill, where the position was located.

22. After initially transferring plaintiff to Ossining, the defendant transferred him to Portchester where his supervisor provided him a negative review, which was retaliation for plaintiff's complaints of racial discrimination in the department.

23. Defendant has a lengthy history of failing to promote African-Americans to supervisory positions within the department of Environmental Facilities.

24. By dint of the discrimination visited upon him, plaintiff has suffered pecuniary and non-pecuniary damages.

25. By failing to promote plaintiff on account of his race, defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended.

26. By failing to promote plaintiff on account of his race, defendant discriminated against him in violation of section 296 of the Executive Law of the State of New York.

WHEREFORE, plaintiff prays that this Honorable Court:

1) assume jurisdiction over this matter;

2) empanel a jury to hear and decide all matters within its jurisdiction;

3) award compensatory damages to plaintiff as permitted by law;

4) award punitive damages against defendant as permitted by law;

5) order defendant to promote plaintiff to the next available supervisory position for which he qualifies;

6) enjoin all acts of discrimination and retaliation against plaintiff;

7) award plaintiff the fees and costs arising from this matter and

8) enter any other order deemed necessary in the interests of justice and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF