UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GEORGE CARR,

        Plaintiff                **ANSWER TO COMPLAINT**
                                          07 CIV. 11180
                                          JUDGE ROBINSON
    -against-

COUNTY OF WESTCHESTER,

        Defendant
-----------------------------------------------------------X

       Defendant, County of Westchester ("County Defendant"), by its attorney, Charlene M. Indelicato, Westchester County Attorney, Irma W. Cosgriff, Senior Assistant County Attorney, of Counsel, respectfully answers the allegations contained in the Complaint filed December 12, 2007 and alleges as follows:

       1.      With regard to the allegations contained in paragraph "1' of the Complaint, County Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of whether Plaintiff is a resident of the County of Westchester and admits that Plaintiff is employed in the Department of Environmental Facilities.

       2.      Admits the allegations of fact implicit in the predicate of paragraph "2" of the Complaint and respectfully refers any and all questions of law to this Honorable Court.

       3.      Admits the allegations contained in paragraph "3" of the Complaint only to the extent that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and respectfully refer any and all questions of law to this Honorable Court.

4. The jurisdictional allegations contained in paragraph "4" of the Complaint constitute conclusions of law to which County Defendant makes no answer save to demand strict proof thereof and respectfully refers all questions of law to this Honorable Court. County Defendant denies any conduct giving rise to a cause of action pursuant to the statutes enumerated herein and denies that Plaintiff is entitled to any relief.

5. Admits the allegations contained in paragraph "5" of the Complaint only to the extent that "Plaintiff is an African American who has long been employed" by defendant. Denies the remaining allegations contained in paragraph "5" of the Complaint.

6. Denies the allegations contained in paragraph "6" of the Complaint but admits that in 2006 Plaintiff sought promotion to the position of Senior Maintenance Mechanic III (TPE).

7. Denies the allegations contained in paragraph "7" of the Complaint and refers any and all questions of law to this Honorable Court.

8. Denies knowledge or information sufficient to form a belief as to what Plaintiff 'ascertained" and denies the remaining allegations contained in paragraph "8" of the Complaint.

9. Denies the allegations contained in paragraph "9" of the Complaint

10. Denies the allegations contained in paragraph "10" of the Complaint

11. Admits the allegations contained in paragraph "11' of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint

13. Denies the allegations contained in paragraph "13" of the Complaint

14. Denies the allegations contained in paragraph "14" of the Complaint

15. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of Plaintiff's "desire", and denied the remaining allegations contained in paragraph "16" of the Complaint except admits that Plaintiff was transferred to Ossining where he remained for less than three days.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "19" of the Complaint

20. Denies the allegations contained in paragraph "20" of the Complaint but admits that Plaintiff and others applied for the position of Senior Maintenance Mechanic III (TPE), he and others were not interviewed and another candidate (white) was promoted to that position.

21. Denies the allegations contained in paragraph '21' of the Complaint but admits that the candidate selected for the promotion did not previously work in Peekskill and respectfully refers any and all questions of law to this Honorable Court.

22. Denies the allegations contained in paragraph "22" of the Complaint and respectfully refers any and all questions of law to this Honorable Court.

23. Denies the allegations contained in paragraph "23" of the Complaint and respectfully refers any and all questions of law to this Honorable Court.

24. Denies the allegations contained in paragraph "24" of the Complaint. To the extent that the allegations contained in paragraph "24" constitute conclusions of law, County Defendant makes no answer save to demand strict proof thereof and respectfully refers all questions of law to this Honorable Court.

25. Denies the allegations contained in paragraph "25" of the Complaint. To the extent that the allegations contained in paragraph "25" constitute conclusions of law, County Defendant makes no answer save to demand strict proof thereof and respectfully refers all questions of law to this Honorable Court.

26. Denies the allegations contained in paragraph "26" of the Complaint. To the extent that the allegations contained in paragraph "26" constitute conclusions of law, County Defendant makes no answer save to demand strict proof thereof and respectfully refers all questions of law to this Honorable Court. Further answering, Plaintiff has agreed to withdraw any and all claims brought pursuant to Section 296 of the New York State Executive Law.

## FIRST AFFIRMATIVE DEFENSE

27. Plaintiff failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. Section 1983.

## SECOND AFFIRMATIVE DEFENSE

28. If Plaintiff suffered any injuries, such injuries were not the result of a pattern, practice or policy of the County and were not the result of any action taken by any employee acting under color of state law.

## THIRD AFFIRMATIVE DEFENSE

29. Plaintiff neither alleges not can he establish any action or inaction which would give rise to a claim pursuant to 42 U.S.C. Section 1983.

**FOURTH AFFIRMATIVE DEFENSE**

30. Insofar as Plaintiff seeks to impute liability to the County of Westchester, simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available.

**FIFTH AFFIRMATIVE DEFENSE**

31. Plaintiff is not entitled to attorney's fees because he has not alleged any cognizable constitutional or federal claim.

**SIXTH AFFIRMATIVE DEFENSE**

32. Punitive damages are not recoverable as against the County.

**SEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiff failed to state a claim upon which relief can be granted pursuant to the NYSHRL.

**EIGHTH AFFIRMATIVE DEFENSE**

34. Plaintiff failed to state a claim upon which relief can be granted pursuant to Title VII.

**NINTH AFFIRMATIVE DEFENSE**

35. The NYSHRL claim must be dismissed for, *inter alia*, Plaintiff's failure to file a timely Notice of Claim.[1]

**TENTH AFFIRMATIVE DEFENSE**

36. At all times relevant, County Defendant's employment decisions were based upon legitimate non-discriminatory reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's EEOC Complaint was not timely filed.

---

[1] Plaintiff agreed to withdraw any and all claims pursuant to Section 296 of the New York State Executive Law.

**TWELFTH AFFIRMATIVE DEFENSE**

38.  Plaintiff failed to allege and cannot establish a failure to promote claim.

**THIRTEENTH AFFIRMATIVE DEFENSE**

39.  Plaintiff failed to allege and cannot establish a race discrimination claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

40.  Plaintiff failed to allege and cannot establish a hostile work environment claim.

**FIFTENTH AFFIRMATIVE DEFENSE**

41.  Plaintiff failed to allege and cannot establish a retaliation claim

**SIXTEENTH AFFIRMATIVE DEFENSE**

42.  County Defendant acted in accordance with all applicable laws and regulations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

43.  Most, if not all, of Plaintiff's claims are barred by the statute of limitations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

44.  Plaintiff's Title VII claim(s) must be dismissed because he failed to exhaust his administrative remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

45.  To the extent that there are any cognizable claims under Title VII, any and all constitutional claims must be dismissed as they are preempted by Title VII.

**TWENTIETH AFFIRMATIVE DEFENSE**

46.  Plaintiff was not discriminated against on the basis of race.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

47.  The Court lacks subject matter jurisdiction over this action.

WHEREFORE, County Defendant demands judgment dismissing the Complaint together with fees, costs and disbursements and for any such other and further relief as this Honorable Court deems just and proper.

Dated:    White Plains, New York
            February 8, 2008

                                      CHARLENE M. INDELICATO
                                      Westchester County Attorney
                                      Attorney for County Defendant

                                      s/ Irma W. Cosgriff_____
                                      By: Irma W. Cosgriff (IWC 1326)
                                      Sr. Assistant County Attorney, of Counsel
                                      600 Michaelian Office Building
                                      148 Martine Avenue
                                      White Plains, New York 10601
                                      (914) 285-3577 (914) 995-3132 (fax)

TO    Michael H. Sussman, Esq.
        Sussman & Watkins
        PO Box 1005
        Goshen, New York  10924
        (845) 294-3991